**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

GEIGTECH EAST BAY LLC,

                    Plaintiff,

        v.

LUTRON ELECTRONICS CO., INC.,

                    Defendant.

Civil Action No. 1:18-cv-05290 (PAE)

**JURY TRIAL DEMANDED**

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................................................1

II.     RELEVANT BACKGROUND FACTS ............................................................................2

      A.      J Geiger Shading System .......................................................................................2

      B.      Lutron's Palladiom Shading System's Infringement of J Geiger's Patent and
           Trade Dress Rights Must be Enjoined .................................................................5

III.    ARGUMENT .....................................................................................................................8

      A.      This Court has Discretion to Grant J Geiger's Request for Discovery..................8

      B.      Good Cause Exists for J Geiger's Request for Expedited Discovery ....................9

IV.     CONCLUSION ................................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

Page(s)

***Cases***

*Benham Jewelry Corp.* v. *Aron Basha Corp.*,
    No. 97 Civ. 3841, 1997 WL 639037 (S.D.N.Y. Oct. 14, 1997) ................................... 9

*Digital Sin, Inc. v. Does 1-176*,
    279 F.R.D. 239 (S.D.N.Y. 2012) ................................................................................ 8

*KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*,
    No. 06 Civ. 3013 (JS) (AKT), 2006 U.S. Dist. LEXIS 42078
    (E.D.N.Y. June 22, 2006) ........................................................................................... 9

*Litwin v. OceanFreight, Inc.*,
    865 F. Supp. 2d 385 (S.D.N.Y. 2011) ....................................................................... 9

*Notaro v. Koch*,
    95 F.R.D. 403 (S.D.N.Y. 1982) ................................................................................ 9

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
    208 F.R.D. 273 (N.D. Cal. 2002) .............................................................................. 9

*Twentieth Century Fox Film Corp.* v. *Mow Trading Corp.*,
    749 F. Supp. 473 (S.D.N.Y. 1990) .......................................................................... 10

***Rules***

Fed. R. Civ. P. 16(b) & 26(d) ............................................................................................ 8

Fed. R. Civ. P. 26(d) ......................................................................................................... 8

***Statutes***

28 U.S.C. § 1657(a) ........................................................................................................... 8

## I.      INTRODUCTION

Plaintiff GeigTech East Bay LLC ("J Geiger") submits this memorandum in support of its motion for expedited discovery to support its motion for a preliminary injunction to enjoin ongoing patent and trade dress infringement by Defendant Lutron Electronics Co., Inc. ("Lutron").[1]   The Patent at issue is U.S. Patent No. 9,237,821 (the "'821 Patent"), which describes an innovative bracket system for mounting window shades (the "J Geiger Shading System").   Lutron has infringed, and continues to infringe, the patent-at-issue by making, using, importing, selling, and/or offering for sale its Palladiom Shading System.   In addition to infringing the '821 Patent, Lutron's Palladiom Shading System unlawfully uses the unique, distinctive, non-functional design of the J Geiger Shading System, which causes consumer confusion resulting in harm to J Geiger's trade dress.   Lutron's infringing activities must be enjoined.

J Geiger requests expedited discovery to support its motion for preliminary injunction commencing immediately and to be completed seven (7) days prior to the preliminary injunction hearing.   Specifically, J Geiger requests the Court permit it to immediately serve document requests on Lutron under Rule 34 of the Federal Rules of Procedures and order Lutron to respond to these requests within twenty-one (21) days of the date of service.   The proposed document requests are attached as Exhibit 1 to the Declaration of Gary R. Sorden ("Sorden Decl."). J Geiger would agree to respond to any document requests that Lutron may serve within twenty-one (21) days of the date of service.   In addition, J Geiger may seek to take a deposition (or, if necessary, depositions) of Lutron pursuant to Rule 30(b)(6) of the Federal Rules of Procedure, as

_____

[1] J Geiger's Motion for Expedited Discovery is being filed concurrently with its Motion for Preliminary Junction, which J Geiger incorporates herein by reference.   Accordingly, J Geiger relies on the same declarations made by James Geiger and Gary R. Soren in Support of Plaintiff's Motion for Preliminary Junction for the present Motion for Expedited Discovery (referred herein as "Preliminary Injunction Geiger Decl." and "Preliminary Injunction Sorden Decl.").

well as depositions of any experts or witnesses on whose testimony Lutron may rely in opposing J Geiger's motion for preliminary injunction.   If necessary, J Geiger will serve a 30(b)(6) deposition notice within seven (7) days of the service of this motion.  Lutron may also wish to depose the witnesses and experts whose declarations J Geiger has submitted in support of its motion for preliminary injunction.

J Geiger requests that the hearing on its motion for preliminary injunction be held on or prior to August 20 2018.

## II.    RELEVANT BACKGROUND FACTS

### A.    J Geiger Shading System

J Geiger has patent and trade dress rights covering Mr. Geiger's innovative and unique shading system.  Prior to this invention, shade mounting brackets were screwed directly into the wall or ceiling and typically hidden with a "ceiling pocket," "valance," or "fascia."  As the comparison pictures below show, the innovative design of the J Geiger Shading System allows the mounting screws to be hidden within the shading system itself.[2]

---

[2] *See* Preliminary Injunction Geiger Decl. at ¶ 8.

| Representative Lutron<br>Prior Shade Bracket | J Geiger's Shade Bracket |
|---|---|



| Representative Lutron<br>Prior Shade Bracket | J Geiger's Shade Bracket |
|---|---|



| Representative Prior Shade Bracket | J Geiger's Shade Bracket |
|---|---|



J Geiger's pioneering signature look is represented by its circle and U-shaped brackets and floating couplers, which connect two shade's together.  In addition to this signature look, the innovative J Geiger patented shading mechanism conceals all of the "ugly parts" that would be exposed in a typical shading system. This was something that other shading systems had never offered. While Mr. Geiger began marketing and selling his shading system in 2012, J Geiger began selling the J Geiger Shading System in 2014 and sales have grown each year since.

Lutron is currently J Geiger's only competitor in the high-end roller shade market.  *See* Preliminary Injunction Geiger Decl. at ¶ 25. Prior to Lutron's entry into the market, J Geiger was the only company that provided high-end roller shades with integrated parts concealed in the mounting brackets.  *Id*. While there have always been window shades, there was nothing like the J Geiger Shading System until it debuted.  *Id*. When a customer was looking for a roller shade

---

with clean lines and minimalist style, it went to J Geiger.  *Id*. Thus, J Geiger created a new, unique market with the introduction of its innovative products. Now, J Geiger is forced to compete with Lutron's infringing product.

On January 19, 2016, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 9,237,821 (the "`821 Patent"), entitled "Assembly for Mounting Shades," to J Geiger.  J Geiger holds the exclusive right to license the `821 Patent, which encompasses "a system of fastening devices, e.g., mounts, brackets, and assemblies for installing roller window shades."  ECF No. 1, Ex. A, '821 Patent at Abstract.  Embodiments of the '821 Patent "provide for improved means for mounting window shades (roller shades), including motorized shades, in which the portion of the mounting means (i.e., the "mount", "mounting plate", or "mounting bracket") affixed to the supporting structure (e.g., the window casing, walls, columns, etc.) are hidden from view by the structure of the bracket or mounting bracket."  *Id*. at 3:45-51.

In addition to its patent rights, the J Geiger Shading System has several unique and distinctive non-functional design features that qualify as protectable trade dress.  J Geiger's exposed mounting brackets (jamb, end, and center brackets) have distinctive circular or U-shaped elements that closely abut the wall and drape and identify them as J Geiger window shades.

     **B.**     <u>**Lutron's Palladiom Shading System's Infringement of J Geiger's Patent and Trade Dress Rights Must be Enjoined**</u>

As J Geiger's products have gained popularity, Lutron has sought to copy J Geiger. Rather than investing the time, effort and resources necessary to innovate its own type of shades, Lutron has instead opted to copy J Geiger's design and directly compete with J Geiger while infringing the intellectual property of the company.

Lutron announced its Palladium Shading System in 2017.   The Palladium Shading System is a blatant knockoff of J Geiger's patent and trade dress:

| J Geiger Jamb Bracket | Defendant's Jamb Bracket Copy |
|---|---|



Palladiom_Shading_System_Brochure.pdf, Preliminary Injunction Soren Decl., Ex. 2 at p. 12.

| J Geiger Center Bracket | Defendant's Center Bracket Copy |
|---|---|



*See also*,  Shading_System_Brochure.pdf, Sorden Decl., Ex. 2 at p. 15.

| J Geiger End Bracket | Defendant's End Bracket Copy |
|---|---|

 

Palladiom_Shading_Syste_Brochure.pdf,
Preliminary Injunction Soren Decl., Ex. 2 at p.
16.

      Given that J Geiger and Lutron have the only competing products for high-end exposed

roller shades, every sale Lutron makes of Palladiom is a lost sale for J Geiger and any sale of

Palladiom directly impacts J Geiger's market share. *See* Preliminary Injunction Geiger Decl. at ¶

36. Indeed, by poaching J Geiger's patented design and trade dress, Lutron's Palladiom Shading

System will take market share from J Geiger, dilute the uniqueness of J Geiger's design, cause J

Geiger to lose goodwill associated with its products, and damage the reputation that J Geiger has

labored long and hard to build. *Id*. An injunction is also in the public interest because it will

protect consumers from further confusion, while discharging the patent law's purpose: to

maintain incentives for the creation of new and novel designs. J Geiger should be allowed to

enjoy its right to exclude others from the high-end exposed roller shade market that it created

with its patented technology and innovative design.  If Lutron is permitted to sell its competing roller shade, the harm to J Geiger and the public will be immediate and irreparable. Accordingly, J Geiger requests an immediate injunction.

## III.   ARGUMENT

### A.   <u>This Court has Discretion to Grant J Geiger's Request for Discovery</u>

A court may grant leave for a party to conduct expedited discovery prior to a Rule 26(f) conference where there is good cause.  Congress has expressly recognized that federal courts may "expedite the consideration of ... any action for temporary or preliminary injunctive relief…" 28 U.S.C. § 1657(a).

The Federal Rules of Civil Procedure also contemplate situations where it may be necessary to modify the normal course of discovery, and those rules authorize courts to order an expedited schedule. *See* Fed. R. Civ. P. 16(b) & 26(d); *see also* Fed. R. Civ. P. 26(d) advisory committee notes (1993) ("Discovery can begin earlier if authorized ... by local rule, order, or stipulation. This will be appropriate in some cases, such as those involving requests for a preliminary injunction").

A court has discretion in setting an appropriate discovery schedule for a particular case, and a motion for expedited discovery should be evaluated under the standard of reasonableness and good cause. "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)).   This reasonableness test "'requires the party seeking the discovery to prove that the requests are reasonable under the circumstances.'" *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*, No. 06 Civ. 3013 (JS) (AKT),

2006 U.S. Dist. LEXIS 42078, at *4 (E.D.N.Y. June 22, 2006) (quoting *Better Packages, Inc. v. Zheng*, No. 05 Civ. 4477 (SRC), 2006 U.S. Dist. LEXIS 30119, at *2 (D.N.J. May 17, 2006)).

Courts may find that there is good cause when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Benham Jewelry Corp.* v. *Aron Basha Corp.*, No. 97 Civ. 3841, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997) ("District Courts have broad power to permit expedited discovery in appropriate cases ... and such discovery is routinely granted in actions involving infringement").

Courts in this district have also utilized the four-factor test articulated in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) when considering a request for expedited discovery. *See Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011) (applying both the reasonableness and good cause test and the *Notaro* test). The *Notaro* test requires considering: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Notaro*, 95 F.R.D. at 405.

**B.    Good Cause Exists for J Geiger's Request for Expedited Discovery**

Here, good cause exists for leave to conduct expedited discovery under either of the tests described above. Expedited discovery will enable J Geiger to develop a more complete evidentiary record on the issue of whether Lutron's Palladiom Shading Systems infringe J Geiger's patent and trade dress, which is central to J Geiger's motion for a preliminary injunction. Furthermore, the expedited discovery J Geiger seeks is limited to the issues

raised by J Geiger's motion for a preliminary injunction. Thus, if the Court grants J Geiger's request, it will have the benefit of a developed evidentiary record for deciding J Geiger's motion for a preliminary injunction.

The discovery requests and deposition proposed by J Geiger seek, among other things, information relating to Lutron's efforts to copy the innovative features and design of the J Geiger Shading System. *See* Sorden Decl., Ex. 1. Such discovery will almost certainly yield additional information on the issue of infringement of the '821 patent and J Geiger's trade dress. *See Twentieth Century Fox Film Corp.* v. *Mow Trading Corp.,* 749 F. Supp. 473,475 (S.D.N.Y. 1990) (holding that request for expedited discovery was justified where such discovery "may very well lead to evidence of continuing infringement ... [and] the discovery of future plans to infringe"). Given that infringement of J Geiger's patent and trade dress lies at the heart of J Geiger's request for preliminary injunctive relief, J Geiger's requested discovery is critical in evaluating its motion for a preliminary injunction.

Further, as J Geiger has demonstrated in its motion for preliminary injunction, it is currently suffering irreparable harm and will continue to suffer irreparable harm if the Court does not enter a preliminary injunction. Thus, immediate review of the facts and evidence in Lutron's possession to support their application is essential. Further, J Geiger's document requests are narrowly tailored to gather information relevant to their preliminary injunction motion, *i.e.*, documents concerning product development, testing, manufacture, marketing, and sale. *See* Sorden Decl., Ex. 1. And J Geiger is currently seeking only one (1) deposition. In light of the urgency of this matter, producing the requested information and conducting the requested depositions would not be an undue burden on Lutron. The Court should grant J Geiger's request for leave to conduct expedited discovery.

## IV.    CONCLUSION

Based on the foregoing, J Geiger respectfully requests the Court grant its motion for expedited discovery.

Dated: June 21, 2018                              Respectfully submitted,

                                            /s/ *Jeffrey I. Kaplan*
                                            Jeffrey I. Kaplan  (JK  4706)
                                            Michael R. Gilman  (MG  7608)
                                            KAPLAN BREYER SCHWARZ, LLP
                                            100 Matawan Rd., Ste 120
                                            Matawan,  NJ  07747
                                            Telephone:  732-578-0103
                                            Telephone ext. 231 Kaplan  and  233  Gilman
                                            Facsimile:  732-578-0104
                                            jkaplan@kbsiplaw.com
                                            mgilman@kbsiplaw.com

                                            /s/ *Pro Hac Vice Applications Forthcoming*
                                            Gary R. Sorden
                                            Texas Bar No. 24066124
                                            gary.sorden@klemchuk.com
                                            Brian L. King
                                            Texas Bar No. 24055776
                                            brian.king@klemchuk.com
                                            KLEMCHUK LLP
                                            8150 N. Central Expressway
                                            10th Floor
                                            Dallas, Texas 75206
                                            Tel: 214-367-6000
                                            Fax: 214-367-6001

                                            **ATTORNEY FOR PLAINTIFF**
                                            **GEIGTECH EAST BAY LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Lutron Electronics Co., Inc. was served with a copy of this document via process server on June 21, 2018.

                                            /s/ *Jeffrey I. Kaplan*
                                            Jeffrey I. Kaplan