**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEIGTECH EAST BAY LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>LUTRON ELECTRONICS CO., INC.,<br><br>            Defendant. | Civil Action No. 1:18-cv-05290-PAE<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF GEIGTECH EAST BAY LLC'S
FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Geigtech East Bay LLC d/b/a J Geiger ("J Geiger") submits its First Set of Requests for Production to Defendant Lutron Electronics Co., Inc. ("Lutron" or "Defendant"). Defendant must answer these requests within the time prescribed by the Federal Rules of Civil Procedure.

**DEFINITIONS**

In addition to the definitions provided by Local Civil Rule 26.3, the following terms shall have the meanings set forth below unless otherwise indicated:

    A.    "Lutron Electronics Co., Inc.," "Lutron," "Defendant," and "you" mean Defendant Lutron Electronics Co., Inc. and its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing, and all persons acting or purporting to act on its behalf.

    B.    "Plaintiff," "Geigtech East Bay LLC," and "J Geiger" mean Plaintiff Geigtech East Bay LLC, and its predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates,

partners, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing, and all persons acting or purporting to act on its behalf.

C. "Savant" and "Savant Systems, LLC" mean Savant Systems, LLC.

D. "Lutron Palladiom Shading System" means each of the Lutron Palladiom Shading System products including couplers, end brackets, center brackets, and jamb brackets.

E. "Complaint" or "lawsuit" means the complaint in the above-captioned action, including any subsequent amendments thereto and any subsequent litigation resulting therefrom.

F. The term "Infringed Products" refers to the J Geiger Shading System described in the Complaint, including J Geiger end brackets, center brackets, jamb brackets, couplers, and J Geiger Shades manufactured for Savant.

G. The term "date" requires you to state the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

H. "Including" means "including but not limited to."

I. The term "possession" means all information or documents actually within your knowledge, possession, custody or control, including any employee, consultant, aide or other representative (including without limitation attorneys and accountants) and any other person acting or purporting to act on your behalf or in concert with you, and includes any temporary placing of possession, custody or control in any third party by any of the foregoing persons.

J. "Related to" and "relating to" mean constitute, contain, embody, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, analyze, or in any way pertain to.

K.	Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate and inclusive.

L.	Wherever possible or necessary to render a given interrogatory more inclusive than it otherwise might be, any verb tense should be construed to include other tenses.

M.	The singular form of a word is to be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever is appropriate, so as to bring within the scope of these interrogatories any information or documents that might otherwise be considered beyond their scope.

## **REQUESTS FOR PRODUCTION**

1.	All documents and things concerning the Infringed Products, Plaintiff, James Geiger, J Geiger roller shades, or Savant roller shades by J Geiger, including but not limited to email, reports, analyses, advertisements, sales brochures, marketing materials, training manuals, presentations, video or audio recordings, posts or comments to posts on Lutron social media (i.e., Facebook, Twitter, Instagram, etc.) and Lutron website forums (e.g., https://forums.lutron.com).

2.	All email correspondence, incoming or outgoing, with retailers, distributors, existing customers, prospective customers, or other third parties concerning this lawsuit, the infringed products, Plaintiff, James Geiger, J Geiger roller shades, or Savant roller shades by J Geiger.

3.	All documents and things regarding competitor or competition with or for the Palladiom Shading System, including all documents concerning sales or jobs lost or gained by the Palladiom Shading System versus the J Geiger Shading System and/or Savant.

4.	All documents and things concerning U.S. Patent No. 9,237,821, including any analysis of its validity, construction, or scope.

5. All documents and things concerning Lutron Palladiom Shading System marketing materials.

6. All documents and things concerning Lutron Palladiom Shading System design specifications

7. All documents and things concerning Lutron Palladiom Shading System CAD drawings.

8. All documents and things concerning Lutron Palladiom Shading System manufacturing drawings.

9. All documents and things concerning Lutron Palladiom Shading System market analyses.

10. All documents and things concerning Lutron Palladiom Shading System sales data.

11. All documents and things concerning Lutron Palladiom Shading System sales projections.

12. All documents and things concerning Lutron Palladiom Shading System product requirements.

13. All documents and things concerning Lutron Palladiom Shading System marketing requirements.

14. All documents and things concerning Lutron Palladiom Shading System instructions for distributors.

15. All documents and things concerning Lutron Palladiom Shading System instructions for sales staff.

16. All documents and things concerning Savant's agreement to sell J Geiger Shades.

17. All documents and things concerning or leading to the creation of the Lutron Palladiom Shading System.

18. All documents and things concerning Lutron Palladiom Shading System installation training material.

19. All documents concerning any defenses or counterclaims that Lutron has or will assert in response to J Geiger's Complaint.

20. All documents upon which Lutron intends to rely in opposing J Geiger's motion for preliminary injunction.

21. For any expert upon whose opinion Lutron intends to rely in connection with J Geiger's motion for preliminary injunction:

   a. All documents relating to that opinion;

   b. Data or information considered by that expert in any way relating to the subject matter of the '821 Patent and J Geiger's asserted trade dress;

   c. All prior testimony or opinions of the expert in other litigation within the preceding four years;

   d. The expert's curriculum vitae;

   e. All communications between the expert and any representative of Lutron concerning this action, J Geiger's motion for preliminary injunction, the '821 Patent or J Geiger's asserted trade dress; and

   f. All publications of the expert relating in any way to the subject matter of the '821 patent or J Geiger's asserted trade dress.

22. Inspection or samples of all components and products associated with the Palladiom Shading System.

Dated: June 18, 2018          Respectfully submitted,

                           /s/ *Jeffrey I. Kaplan*
                           Jeffrey I. Kaplan  (JK  4706)
                           Michael R. Gilman  (MG  7608)
                           KAPLAN BREYER SCHWARZ, LLP
                           100 Matawan Rd., Ste 120
                           Matawan,  NJ  07747
                           Telephone:  732-578-0103
                           Telephone ext. 231 Kaplan and 233 Gilman
                           Facsimile:  732-578-0104
                           jkaplan@kbsiplaw.com
                           mgilman@kbsiplaw.com


                           /s/ *Pro Hac Vice Applications Forthcoming*
                           Gary R. Sorden
                           Texas Bar No. 24066124
                           gary.sorden@klemchuk.com
                           Brian L. King
                           Texas Bar No. 24055776
                           brian.king@klemchuk.com
                           KLEMCHUK LLP
                           8150 N. Central Expressway
                           10th Floor
                           Dallas, Texas 75206
                           Tel: 214-367-6000
                           Fax: 214-367-6001

                           **ATTORNEY FOR PLAINTIFF**
                           **GEIGTECH EAST BAY LLC**