UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

GEIGTECH EAST BAY LLC,

       Plaintiff,

  -against-

LUTRON ELECTRONICS CO., INC.,

       Defendant.

---------------------------------------------------------------X

18 Civ. 05290 (CM)
19 Civ. 04693 (CM)
20 Civ. 10195 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/2023

## RESPONSE TO LETTERS FROM PARTIES

McMahon, J.:

    I have before me letters from counsel relating to a motion relating to the assertion by plaintiff of the issue of post-grant review estoppel. This was an issue raised and briefed in a first plaintiff's motion for summary judgment, but that motion was stricken, because the plaintiff, in clear violation of the court's order, made two motions for summary judgment. The plaintiff purported to raise the issue "by incorporation" in its second motion for summary judgment, but the court said "No dice." Since the first motion was stricken, all argument raised therein but not raised (and briefed) on the second motion were deemed forfeited. Therefore, plaintiff' motion for summary judgment on PGR estoppel grounds was denied.

    Of course, I also said, at the outset of the Daubert/summary judgment opinion (see page 5 of Docket #308), that issues raised in the first motion but not the second would not be deemed abandoned and would not be discussed. Reading the entire opinion, it obviously means that the issue of post-grant estoppel was abandoned as an issue on summary judgment. Which means it remains an issue to be tried.

    Of course, deeming the issue abandoned because I would not allow the circumvention of page limits on briefs by "incorporating" arguments made elsewhere that means that I did not read Lutron's responsive papers on that issue – which were responsive only to the motion that was stricken. And of course I did not rule on the issue when I denied (except in one aspect) GeigTech's motion for summary judgment.

    In its letter at Docket #342, Lutron essentially argues (albeit briefly) the merits of the issue that was deemed abandoned for purposes of the summary judgment motion – or at least, it makes arguments that suggest that it would have liked for me to rule on the issue of PRG

estoppel on the merits, because Lutron itself may have been entitled to summary judgment thereon.

I am perfectly happy to go back and take a look at that one issue – without so much as another word's being written on the subject – and get back to the parties with a merits ruling. But that ruling will not be made in connection with a motion in limine. It is not a proper subject for a motion in limine.

The ball is in Lutron's court.

Dated: October 10, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL