```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

GEIGTECH EAST BAY LLC,

                Plaintiff,

        -against-                                            18 civ 5290 (CM)

LUTRON ELECTRONICS, INC.,

                Defendant.
----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/15/2024

## MEMORANDUM TO COUNSEL

McMahon, J.:

    Counsel, this morning we received a form of judgment on a patent claims from the Clerk's Office, to which the Verdict Sheet was attached. Since I am not entering the judgment until I issue a verdict on the trade dress issue, I just tore up the proposed judgment. However, I noticed two things on the verdict sheet that should have been read aloud when the verdict was taken. Not only did the jury find no defamation, it went on to find that GeigTech has proved that the following aspects of the allegedly defamatory statement were true:

> Lutron opted to poach (GeigTech's) patented designs and intellectual property to try and remain competitive in a segment of the market that (GeigTech) cornered.

The jury also indicated on the verdict sheet that GeigTech had not proved that any portion of the accused statement constituted opinion.

    Since the jury concluded that nothing in the accused statement was defamatory, GeigTech and Mr. Geiger are entitled to a verdict on the defamation claim without regard to any unnecessary ancillary findings, and the jury should have stopped right there (as we did when reading the verdict). That they did not is my fault; my instructions were not sufficiently clear. I did not say on the verdict sheet, "If your answer to Question 1 is "NO," stop and report your verdict." I apologize to you for that oversight on my part. Fortunately, the two additional findings that were not read into the record upon the taking of the verdict do not render the verdict inconsistent or require any further discussion. But they need to be reported to you.

    Attached to this is a complete copy of the verdict sheet as filled out by the jury for your records.

Dated: March 15, 2024

                                                       _____
                                                                        U.S.D.J.

BY ECF TO ALL COUNSEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GEIGTECH EAST BAY LLC,

       Plaintiff,

  -against-                                                                                             18 Civ. 05290 (CM)

LUTRON ELECTRONICS CO., INC.,

       Defendant.

------------------------------------------------------------X

## JURY VERDICT SHEET

1

### Section 1: Patent Infringement

**1a.** Did GeigTech prove by a preponderance of the evidence that Lutron infringed any of the Asserted Claims of the '717 Patent?

YES __X__     NO _____

IF YOU ANSWERED NO TO QUESTION 1a, DO NOT ANSWER ANY MORE QUESTIONS ABOUT PATENTS. GO TO PAGE 4, DEFAMATION.

**1b.** If your answer is yes, then please indicate below which claims were infringed?

*Please note: If your answer for Claim #1 is "not infringed" then you must answer "not infringed" to Claim 2. If your answer for Claim #8 is "not infringed" then you must answer "not infringed" to Claims 10, 11 and 12.*

| '717 Patent | Infringed | Not infringed |
|---|---|---|
| Claim 1 | X | |
| Claim 2 | X | |
| Claim 8 | X | |
| Claim 10 | X | |
| Claim 11 | X | |
| Claim 12 | X | |

*If you answered "Yes" to Question # 1a, then proceed to Question #2.*

**2.** Did GeigTech prove by a preponderance of the evidence that Lutron's infringement was willful?

YES __X__     NO _____

**3a.** Did Lutron prove by clear and convincing evidence that any of the Asserted Claims of the '717 Patent are invalid?

                YES_____                NO __X__

**3b.** Which claims did Lutron prove were invalid?

| '717 Patent | Valid | Invalid |
|---|---|---|
| Claim 1 | X | |
| Claim 2 | X | |
| Claim 8 | X | |
| Claim 10 | X | |
| Claim 11 | X | |
| Claim 12 | X | |

**4.** What amount of damages is GeigTech entitled to as a result of Lutron's patent infringement through the date of your verdict?

                Damages of $ __34.6 Million__

3

## Section 2: Defamation

For ease of reference: "the accused statement" is as follows:

"It's unfortunate that rather than investing the time, effort, and resources necessary to innovate their own products, Lutron has instead opted to poach our patented designs and intellectual property to try and remain competitive in a segment of the market that we've cornered. Their blatant infringement has left us no choice but to file this lawsuit to protect our patented designs as we continue to focus on providing our customers with the most innovative, highest quality window shading solutions out there."

**1a.**   Has Lutron proved by a preponderance of the evidence that any portion of the accused statement is defamatory, as I have defined that term for you?

   YES_____          NO __X__

**1b.**   If "Yes", please write in the space provided which portion is defamatory

_____
_____
_____
_____
_____
_____
_____

**2a.**  Has GeigTech shown by a preponderance of the evidence that any portion of the accused statement is true?

        YES __X__           NO _____

**2b.**  If "Yes", please write out the portion of the statement that GeigTech has proved to be true:

① Lutron opted to poach (GeigTech's) patented designs and intellectual property to try and remain competitive in a segment of the market that (Geigtech) cornered.

5

**3a.** Has GeigTech proved by a preponderance of the evidence that any portion of the accused statement that you find to be defamatory constitutes opinion?

    YES_____    NO __X__

**3b.** If "Yes", Please write out the portion of the statement that constitutes opinion:

_____
_____
_____
_____
_____
_____
_____
_____

*If you have concluded that the entire accused statement is either (i) not defamatory, (ii) true, and/or (iii) opinion, then you can stop and report your verdict. If you conclude that any portion of the accused statement is (i) defamatory, (ii) false, and (iii) not opinion, go on to Question 4.*

**4.** Has Lutron proved by a preponderance of the evidence that GeigTech made any statement that you found to be (i) defamatory; (ii) false; and (iii) not opinion with actual malice – that is, with knowledge of its falsity, or with reckless disregard for whether it was true or false?

    YES_____  NO_____

*If you answer to Question 4 is "No," top and report your verdict. If it is "Yes," go on to Question 5.*

**5.** How much in damages do you award to Lutron?

   $_____

**6a.** Has Lutron proved by a preponderance of the evidence that GeigTech made any statement that you found to be (i) defamatory; (ii) false; and (iii) not opinion "maliciously" – as I defined that term for punitive damages? To remind you, a statement is made "maliciously" if it is made with deliberate intent to injure or made out of hatred, ill will, or spite or made with willful, wanton or reckless disregard of another's rights.

YES_____    NO_____

**6b.** If your answer is "Yes", what amount of punitive damages do you award to Lutron?

$_____

**Stop and have the Foreperson sign and date this form and then contact the Court Officer**

SO SAY WE ALL.

Dated: March 13, 2024

*Sam Payne* /s/
Jury Foreperson

7