UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GEIGTECH EAST BAY LLC,

    Plaintiff,

  -against-

LUTRON ELECTRONICS CO., INC.,

    Defendant.
------------------------------------------------------------X

18 Civ. 05290 (CM)
19 Civ. 04693 (CM)
20 Civ. 10195 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/24

**ORDER**

McMahon, J.:

    GeigTech has decided on a new trial on damages (Dkt # 536). We will empanel a jury early this fall. The exact date will be determined when my deputy clerk returns after Labor Day, but the trial will be before Halloween. Expect an announcement on September 5. The date will be set for the convenience of the court; the parties will simply have to make themselves available.

    For the avoidance of doubt: the parameters of this trial have already been set. The time for designation of experts and expert discovery expired long ago, as did the time for making *Daubert* motions. These deadlines will not be resurrected and extended for any reason. So we know who the witnesses will be and what they are going to say. No new experts; no opinions that are not contained in the existing reports; no *Daubert* motions to decide. The court will instruct the jury that Lutron has been found by a different jury to be liable to GeigTech for willful patent infringement and that the sole purpose of this trial is to assess the amount of damages caused by the patent infringement. There will be no testimony about issues other than damages. In particular there will be no testimony about Snowy Owl, or about how the patent was copied; those issues are no longer relevant only any issue that remains to be decided by the jury, they are only relevant to this court's decision about whether to assess penalty damages. Nor will this jury decide whether Lutron's new design infringes GeigTech's patent – GeigTech has never brought a lawsuit alleging any such thing. The only issue is the amount of damages resulting from Lutron's marketing of the original design of the Palladiom shades – which, as I understand it, ceased some time ago. If my understanding is not correct, and the amount of damages needs to be updated to account for sales of the original Palladiom subsequent to the last trial, the parties should notify me.

    I cannot see that we will need more than two days for testimony, and I intend to give each side only four hours to make its case.

Dated: August 20, 2024

_____
U.S.D.J.

BY ECF TO ALL COUNSEL