UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEIGTECH EAST BAY LLC,

   Plaintiff-Counter Defendant,

-against-

LUTRON ELECTRONICS CO., INC.,

   Defendant-Counter Plaintiff,

-against-

James Geiger,

   Counter Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/14/2025

18 Civ. 05290 (CM)
19 Civ. 04693 (CM)
20 Civ. 10195 (CM)

# FINAL JUDGMENT

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, it is hereby **ORDERED, ADJUDGED, AND DECREED** that, pursuant to two bench trials, the jury's verdict delivered on February 13, 2024, and the subsequent jury verdict delivered on November 20, 2024, the Court enters judgment that:

1.    Claims 1, 2, 8, 10, 11, and 12 of U.S. Patent No, 10, 294,717 ("the '717 patent") are found to be infringed by Lutron Electronics Co., Inc. ("Lutron");

2.    Lutron's infringement of the '717 patent was willful;

3.    Claims 1, 2, 8, 10, 11, and 12 of the '717 patent are not invalid or unenforceable;

4.    GeigTech East Bay LLC ("GeigTech") did not prove its trade dress claim under the Lanham Act or common law (Case No. 18-cv-05290, Dkt. No. 499);

5.    Lutron did not prove its defamation claim against GeigTech or James Geiger;

6.    GeigTech voluntarily dismissed its claim against Lutron for infringement of U.S. Patent No. 9,237,821 without prejudice (Case No. 18-cv-05290, Dkt. No. 64), which the Court

acknowledged in its November 29, 2018 Decision and Order (Case No. 18-cv-05290, Dkt. No. 65). Therefore, that claim is dismissed without prejudice;

7. GeigTech voluntarily withdrew its claim against Lutron for infringement of U.S. Patent No. 10,822,872. I agree with GeigTech's cited authorities in "treat[ing] [GeigTech's] withdrawal of the claim[] as being akin to . . . a Rule 41(a) voluntary dismissal of claims without prejudice." *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012). Therefore, that claim is also dismissed without prejudice;

8. GeigTech is awarded damages from and against Lutron in the amount of **$5,344,000**, including the Court's enhancement by a factor of two on the amount the jury awarded as damages (Case No. 18-cv-05290, Dkt. No. 598);

9. GeigTech is awarded prejudgment interest in the amount of **$453,832.09** (Case No. 18-cv-05290, Dkt. No. 598) (Dkt. No. 601-1 ¶ 7);[1]

10. GeigTech is awarded costs of court in the amount of **$159,921.06** (Case No. 18-cv-05290, Dkt. No. 598);[2]

11. Post-judgment interest on the entire amount of the judgment amount, including enhanced damages, prejudgment interest, and costs, shall accrue from the date of judgment (August 14, 2025) until such time that Lutron pays the full judgment amount, with the amount of post-judgment interest determined pursuant to 28 U.S.C. §1961 as 3.90% (the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal

---

[1] Prejudgment interest is calculated by taking the $2,672,000 judgment and compounding it annually over 6.23 years at a rate of 2.55% – the average bank discount rate between May 21, 2019 and August 13, 2025. As Lutron explains, this average interest rate comes closest to the objective of making GeigTech whole. The bank discount rate is also the more appropriate rate to use in calculating interest for Treasury *Bills*, as opposed to *notes* or *bonds*.

[2] Lutron's attempt to argue that costs should be disallowed for litigation misconduct is unavailing. Further, GeigTech is correct that 28 U.S.C. § 1920(4) permits "Fees for exemplification," which courts in this district have held to "includ[e] charts, blow-ups and computer graphics." *DiBella v. Hopkins*, 407 F. Supp. 2d 537, 539-40 (S.D.N.Y. 2005). I see no reason to follow Lutron's recommendation that I deny costs for GeigTech's technology consultants or for the creation of PowerPoint presentations that appear to fall squarely within the federal rule.

2

Reserve System, for the calendar week ending on August 8, 2025), calculated daily and compounding annually from August 14, 2025 (Case No. 18-cv-05290, Dkt. No. 598);

12. Final Judgment is further entered against Lutron granting injunctive relief as set forth in the Court's Order granting a Permanent Injunction (Case No. 18-cv-05290, Dkt. No. 535):

> Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with Lutron (or in active concert or participation with its officers, agents, servants, employees, attorneys) be permanently restrained and enjoined from making, offering for sale, selling, importing (into), or installing in the United States: (a) the adjudged Palladiom Shading System products found to infringe claims 1, 2, 8, 10, 11, or 12 of the '717 patent, and (b) any Lutron shading system product that is not colorably different from the adjudged infringing Palladiom. Shading System products with respect to those elements proven to satisfy the limitations of claims 1, 2, 8, 10, 11, or 12 of the '717 patent. However, Defendant is not enjoined from importing existing stock of the infringing Product in order to modify those shades to incorporate the newly designed Palladiom feature that Lutron claims to be non-infringing. This injunction will remain in effect until the expiration of the '717 patent.

13. Entry of this **FINAL JUDGMENT** resolves all claims of all parties and starts the time for filing any appeal.

**SO ORDERED**

Dated: August 14, 2025

_____
U.S.D.J.

3